Filed 10/27/23  In re A.H. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re A.H., a Person Coming Under the Juvenile Court Law. | C098764 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>K.M.,<br><br>Defendant and Appellant. | (Super. Ct. No. JD241150) |

Appellant K.M. (mother) appeals from the juvenile court's orders terminating parental rights and freeing A.H. (the minor) for adoption.  (Welf. & Inst. Code,

1

§§ 366.26, 395.)[1]  Mother asks us to remand the matter for further Indian Child Welfare Act (ICWA) compliance because the initial inquiry by the Sacramento County Department of Child, Family and Adult Services (Department) was insufficient to support the juvenile court's finding that ICWA does not apply.  (25 U.S.C. § 1901 et seq.; Welf. & Inst. Code, § 224.2.)  The Department does not oppose such remand. We will conditionally affirm the juvenile court's orders and remand for ICWA compliance.

## BACKGROUND

On February 22, 2021, the Department sought a protective custody warrant and filed a petition alleging that the minor came within the provision of section 300, subdivision (b)(1), failure to protect, based on domestic violence in the home of Al.H. (father), who had sole legal and physical custody of the minor and her sibling.  The juvenile court vacated a protective custody warrant, temporarily detained the minor, then later detained the minor.

Father and mother both said they had no Native American ancestry.  Although the Department had identified and communicated with a number of the minor's relatives, Department reports did not indicate whether the Department asked extended family members about the minor's potential Native American ancestry.  On March 2, 2021, the juvenile court asked both parents about Native American ancestry and noted that the parents said they had no such ancestry.  The juvenile court found there was no reason to know or believe the minor was an Indian child within the meaning of ICWA. The juvenile court did not make further findings regarding ICWA.

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

On May 23, 2023, following a contested selection and implementation hearing under section 366.26, the juvenile court found the minor adoptable, determined no statutory exceptions to adoption were applicable, and terminated parental rights.

DISCUSSION

Mother contends the Department's inquiry into the minor's possible Native American ancestry was insufficient because, although the parents denied Native American ancestry, there is no evidence the Department contacted any of the known extended family members to inquire whether they knew of possible Native American ancestry. The Department agrees that remand for further ICWA compliance is warranted.

ICWA protects the interests of Indian children and Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) An Indian child is either a member of an Indian tribe, or is eligible for such membership and is the biological child of a member. (25 U.S.C. § 1903(4).) The juvenile court and the social services department have a continuing duty to inquire whether a child subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a); *In re G.A.* (2022) 81 Cal.App.5th 355, 360, review granted Oct. 12, 2022, S276056.)

Section 224.2 creates three ICWA duties. First, there is a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).) Second, if there is reason to believe the child is an Indian child, the Department shall make further inquiry as soon as practicable. (§ 224.2, subd. (e).) Third, if there is reason to know the child is an Indian child, the formal notice requirements of section 224.3 apply. (See § 224.2, subds. (c), (d); § 224.3; *In re D.S.* (2020) 46 Cal.App.5th 1041,

3

1052.)[2] We review claims of inadequate ICWA inquiry for substantial evidence. (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430.)

The Department does not dispute that although it had an opportunity to inquire about the minor's ancestry with maternal and paternal relatives, the record does not indicate that such an inquiry occurred. Because additional inquiry should have been made with the parents' known relatives (see § 224.2, subd. (b); see also *In re Y.W.* (2021) 70 Cal.App.5th 542, 554; *In re A.C.* (2022) 75 Cal.App.5th 1009, 1016-1018), we will remand the matter for further proceedings to address compliance with the inquiry and notice provisions of ICWA and entry of new findings regarding the applicability of ICWA.

DISPOSITION

The orders terminating parental rights are conditionally affirmed, subject to compliance with ICWA. If, on remand, the juvenile court determines the minor is an Indian child within the meaning of ICWA, the juvenile court shall vacate its previous orders terminating parental rights and conduct further proceedings consistent with ICWA,

---

[2] Mother argues section 224.2, subdivision (b) imposes a more extensive duty to inquire if a child is placed in the temporary custody of a welfare department (§ 306) or probation department (§ 307). The record shows the minor was initially taken into protective custody pursuant to a warrant. The juvenile court subsequently vacated the protective custody warrant it previously issued and temporarily detained the minor. Court interpretations vary as to the applicability of section 224.2, subdivision (b). (Cf. *In re Robert F.* (2023) 90 Cal.App.5th 492, 500, 504, review granted July 26, 2023, S279743 [duty to inquire of extended family members is triggered only when child is taken into temporary emergency custody under § 306] and *In re Ja.O.* (2023) 91 Cal.App.5th 672, review granted July 26, 2023, S280572 [following *In re Robert F.*] with *In re Delila D.* (2023) 93 Cal.App.5th 953, 973, review granted Sept. 27, 2023, S281447 [the section 224.2, subdivision (b) reference to temporary custody includes children who, though initially removed by protective custody warrant, are then delivered or placed into the department's custody pending a detention hearing, and the duty of inquiry is the same regardless of how the minor was removed from the home].) The parties have not fully briefed the issue, however, and because the Department agrees remand is appropriate, we need not decide the issue in this opinion.

including a new section 366.26 hearing.  (25 U.S.C. § 1914; Welf. & Inst. Code, § 224, subd. (e).)  On remand, parents shall have counsel reappointed and be provided due process, including notice and the right to be heard, for all ICWA compliance proceedings.


/S/

MAURO, Acting P. J.

We concur:


/S/

RENNER, J.


/S/

WISEMAN, J.*


---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.